## AKERS v. ROWAN.

### SHAND v. CENTRAL NATIONAL BANK.

### SAME v. ROWAN.

1. RES JUDICATA.—A decree directing an assignee to pay the costs of an action is not an adjudication as to the priority of those costs over other claims against the assigned estate, if there should prove to be a deficiency of assets.
2. TRUSTEE—COUNSEL FEES—COSTS.—A trustee being entitled to reimbursement for all proper expenses of administering the trust, an assignee, charged by the deed of assignment with the duty of first applying the assets towards carrying out the trusts imposed, may apply assets of the assigned estate to the payment of his attorney's fees, and the costs of the officers of the court, before paying the costs of the adverse attorneys taxed against the assignee in an action brought and prosecuted by him as such assignee in good faith.

Before HUDSON, J., Richland, April, 1891.

The opinion states the case. The return to the rule was as follows:

Robert W. Shand, as assignee of J. S. Robbins, upon whom has been served a rule to show cause why he should not apply the funds now in his hands, as assignee, to the payment of the costs and disbursements of the defendants' attorneys, including the fees of the officers of the court, in the two last above mentioned cases, for cause respectfully shows:

That the assigned estate now remaining in his hand consists of $518.97 in cash and sundry notes and accounts now in the hands of Mr. H. P. Green, attorney at law, for collection; but said notes and accounts are of trifling value, and he cannot count on realizing anything more than a trifling amount therefrom.

That on the 2nd day of September, 1886, one J. S. Robbins executed to your respondent a deed of assignment for the benefit of his creditors, a copy of which will be found in the Appeal Brief in the above stated actions, folios 497–510, and that on the same day your respondent accepted the trust thereby created and reposed in him, and entered upon the discharge of the duties thereof; that a few days thereafter, the first of the above stated actions was commenced against your respondent, as assignee, and others for the purpose of setting aside said deed of assignment and for other relief; that thereupon your respondent, as assignee, retained Messrs. Clark & Muller, attorneys and officers of this court, as his attorneys to defend said suit, and to advise and counsel with him from time to time in all matters pertaining to said trust.

That about the same time your respondent, deeming it to be his duty to do so in the faithful discharge of his said trust, and for the purpose of recovering a large quantity of assets and property believed to belong to the assigned estate, instructed his said attorneys to bring the two actions last above stated; that ever since their employment as aforesaid, said attorneys have faithfully advised with and counselled your respondent in all matters pertaining to said assigned estate; that they successfully defended the action first above stated, and thereby maintained the validity of said deed of assignment; and that they vigorously and faithfully prosecuted the two actions last above stated, being aided in all three actions by Messrs. Lyles & Haynsworth, attorneys of this court, who, at the request of Clark & Muller, were associated with them by your respondent as assignee as aforesaid, in the conduct of said cases, it being understood, however, that double fees were not to be charged, and your respondent craves reference to the Appeal Brief and printed arguments of his said attorneys as to some extent evidencing the nature of the said actions and the character and amount of service rendered by said attorneys to your respondent as assignee as aforesaid. That your respondent has not as yet paid his said attorneys a single cent for their services; and said attorneys have presented their claim against your respondent, as assignee, as follows: ·

DISBURSEMENTS.—Due J. T. Seibels, master, for copy
  of evidence furnished,     -    -    -    -    -    $27 50
Paid Miss Jennie Askew for typewriter copies of evi-
  dence,     -    -    -    -    -    -    -    -    10 00
FEES.—For general counsel and advice and for ser-
  vices in above stated actions,     -    -    -    -    300 00

                                                      —————
                                                      $337 50

Your respondent says that said bill is reasonable, moderate,
and correct, and ought to be paid, and he submits that the same
is payable out of the funds in his hands as expenses of the ad-
ministration of his said trust in preference and priority to said
costs or any other claim against him as assignee aforesaid; and
your respondent is ready and willing to apply to the payment of
the costs in said two actions last above stated, after they shall
have been properly taxed and ascertained according to law, any
balance of the assigned estate left in his hands after paying his
said attorneys, and after deducting his statutory commissions for
paying out the same. And your respondent further says, that it
was absolutely necessary for the protection of the assigned estate
that he should employ counsel to defend the action first above
stated. And your respondent further says, that at the time of the
commencement of the two actions last above mentioned, he and
many other attorneys of this court deemed it prudent and proper
that said actions should be brought. And your respondent further
says, that the costs in said cases have not as yet been duly taxed
and ascertained; but he is informed and believes that they will
exceed the amount of funds in his hands as assignee as aforesaid,
or which will ever be in his hands in all probability.

And having fully answered said rule, this respondent prays
that he may be expressly authorized to pay his said attorneys
their said bill out of the funds now in his hands as assignee, and
then to apply the residue to the payment of the costs in said two
last above stated cases, less his proper commissions.

*Mr. John T. Sloan, jr.*, for appellant.

*Messrs. Clark & Muller*, contra.

April 19, 1892. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. The three cases above stated were all concerned about an assignment which J. S. Robbins executed for the benefit of his creditors. Robert W. Shand, Esq., was the assignee, and the case first above stated was brought against him to set aside the assignment, and the other two cases he had to institute for the benefit of the assigned estate. See *Akers* v. *Rowan*, 33 S. C., 452.

On April 14, 1891, his honor, Judge Hudson, passed the following order: "On motion of John T. Sloan, jr., and Marshall & Weston, for the defendant in the two last above entitled actions, and with the consent of Clark & Muller and Lyles & Haynsworth, attorneys for plaintiff in the last above entitled actions, &c.. it is ordered, that Robert W. Shand, Esq., as assignee, do show cause before me on April 16, 1891, at 10 o'clock, a. m., or as soon thereafter as counsel can be heard, why he should not apply the funds now in his hands, as assignee, to the payment of the costs and disbursements of the defendants' attorneys, including fees of the officers of the court, in the two last above mentioned actions." To this rule the assignee, R. W. Shand, Esq., made "return," which should appear in full in the report of the case.

His honor, Judge Hudson, upon the return to the rule, made the following order: "On hearing rule to show cause, and the sworn return thereto of Robert W. Shand, assignee, and after hearing argument by Messrs. Sloan and Weston in support of the rule, and Mr. J. S. Muller contra, it is ordered and adjudged, that said return is sufficient, and that the said rule be, and the same is hereby, discharged. It is further ordered, that said Robert W. Shand, assignee, be and is hereby authorized to pay out of the assigned estate in his hands. the said fees and disbursements of his said attorneys, amounting in the aggregate to $337.50, and the costs of the officers of court, exclusive of defendants' attorneys, in the two cases last above stated, the fees and disbursements of said attorneys of said assignee and the costs of said officers of court to be paid ratably; and that he apply the residue, if any there be, to the payment of the costs and disbur-ements of defendants' attorneys in the two cases last above stated," &c.

From this order The Central National Bank of Columbia ap-

peals to this court on the following grounds: I. That his honor erred in holding that the return of Robert W. Shand, assignee, made herein is sufficient, and discharging the rule. II. That his honor erred in adjudging that said Robert W. Shand be and he is hereby authorized to pay out of the assigned estate in his hands the said fees and disbursements of his said attorneys. amounting in the aggregate to $337.50. III. That his honor erred in holding that the said assignee should pay out of the said assigned estate in his hands "the costs of the officers of the court, exclusive of defendants' attorneys, in the two cases last above stated." IV. That his honor erred in holding that the fees and disbursements of said attorneys of said assignee, and the costs of said officers of court, be paid ratably out of said assigned estate. V. That his honor erred in holding that he (Robert W. Shand) apply the residue, if any there be, to the payment of the costs and disbursements of defendants' attorneys in the two cases last above stated. VI. That his honor erred in not holding that the judgment of the Supreme Court, "that the costs of the two actions last stated should be paid out of the assets of the assigned estate in the hands of the plaintiff," is *res adjudicata*, and shall govern the assignee as to the manner of the payment of costs out of the assets of the assigned estate in his hands. VII. That his honor erred in not holding that the costs of the defendant in the two actions last above stated should be paid by the plaintiff, Robert W. Shand, out of assets of the assigned estate in his hands, exclusive of the fees and disbursements of his said attorneys, amounting in the aggregate to $337.50.

The assignee, Robert W. Shand, Esq., was a trustee for the proper administration of the assigned estate. The seeming complications in the matter of costs and fees has arisen out of the fact, that the assigned fund found in the hands of the assignee has turned out *to be insufficient* to satisfy all the costs and fees properly chargeable. It is not, and could not be, properly charged, that the assignee had made himself personally liable for costs and fees, "for mismanagement or bad faith in the conduct of the business," under section 330 of the Code. It is unfortunate that the assigned funds in the hands of the assignee are not sufficient to

pay all proper charges; but it is so, and the duty is devolved upon the court of deciding who is entitled to the fund in hand.

In the first place, we do not think there is any question of *res adjudicata* in the matter. The direction in the former decree of this court, "that the costs of the two actions last above stated should be paid out of the assets in the hands of the plaintiff," was perfectly proper; the plaintiff failed to recover, and the consequence was that the assets should pay the costs. That, however, was on the assumption that the available assets were sufficient for that purpose. At the time the decree was rendered, it could not be foreseen that the assets would not be sufficient to pay all claims; and, of course, the question of *priorities* was not then before the court at all. That is a new question, which has arisen out of the developed deficiency of assets, and must be decided on principle, without being controlled by the former decree.

It is well settled, as a rule, that a *trustee* is entitled to be reimbursed for all the legitimate and proper expenses of *administering the trust.* Without citing the numerous authorities upon the subject, it will be sufficient to say that Chancellor Johnston stated the rule as we understand it in *Wham v. Love*, Rice Ch., 54: "An administrator [or assignee] is certainly entitled to all expenditures made by him for the preservation and benefit of the estate in his hands, as for expenses incurred in resisting a questionable claim set up against the estate. * * * So, also, for fees paid for general advice as to the most proper and profitable course of administration." See Perry on Trusts, section 907, and Burrill on Assignments, section 417. Besides this general principle, there was in this assignment an express provision, that all expenses of the assignment, and of carrying into effect the trust thereby created, should be first paid. The exact truth is, that there can be no clear "assets," subject to order, until all proper expenses of administration are paid; only what remains after their payment can properly be called "assets," in the sense of a fund for distribution.

It follows that the only question is, whether the fees and disbursements of the lawyers employed by the assignee to assist him in his duties were necessary and proper expenses, incurred in

good faith in the administration of the trust estate. · If so, there can be no doubt that· the assignee might have paid them out of the fund in his hands, and, upon an accounting, produced the receipts as expenditures made in the due course of administration. It seems to be admitted that the charges were reasonable and proper for the services rendered ; and while, of course, we regret that the fund in hand is not sufficient to pay all just claims, with our view of the law we cannot say that the Circuit Judge erred in discharging the rule.

The judgment of this court is, that the judgment of the Circuit Court be affirmed. .